UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESSE J. SLUDER, <br><br> Defendant. | Case No. CR 08-523-PJW <br><br> ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND DISMISS ACTION |

The Court held an evidentiary hearing on Defendant's motion to suppress the evidence. Defendant argues first that he was "in custody" from the time he was stopped by police and, because he was not mirandized at that time, all evidence seized (including intoxication tests results) and statements made by Defendant should be suppressed. Defendant next argues that police stopped him without probable cause and later fabricated probable cause (i.e., alleging Defendant was speeding) and, therefore, the evidence should be suppressed. For the following reasons, the motion is denied.

At the close of the evidentiary hearing, Defendant's counsel conceded that there was no evidence to prove that Defendant had been "in custody" at the time of the stop and, therefore, counsel withdrew that part of his motion.

As to the lack of probable cause, the Court concludes that the evidence shows that Officer Neill stopped Defendant at about 2:00 a.m. because he saw Defendant stopped on his motorcycle in the middle of the street talking with the driver of a car and then sped off on his motorcycle at an estimated speed of 35 m.p.h., 10 m.p.h. above the posted speed limit. Defendant's claim that Officer Neill stopped him without probable cause and invented probable cause after being informed at the station by another officer that Officer Neill needed probable cause to justify the stop is rejected. Officer Neill had more than 16 years on the job at the time he stopped Defendant and was well aware of the need for probable cause to justify a stop.

Finally, Defendant's counsel raised a new issue at the hearing: that Officer Neill did not arrest Defendant until after the breathalyzer test was administered--contrary to the mandates of 18 U.S.C. § 3118, which requires police officers to arrest a motorist before administering the test--and, for that reason, the case should be dismissed. Though Officer Neill's testimony during the suppression hearing was inconsistent on this issue, his testimony after being recalled by the Court to resolve the issue was clear; Officer Neill took Defendant into custody at the scene and transported him to the police station where he then administered the breathalyzer test and, after seeing the results, which showed that Defendant had a blood-alcohol level of .13, charged him with drunk driving. Because Officer

Neill arrested Defendant before administering the breathalyzer test, he did not violate 18 U.S.C. § 3118. For this reason, Defendant's motion to dismiss the case on this ground is denied.

IT IS SO ORDERED.

DATED: July 23, 2008.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\CRIMINAL\Sluder\Ord_DENY D mtn supress.wpd

3